IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC KENNETH DUNGAN,

    Petitioner,                         No. CIV S-10-1191 DAD P

    vs.

ROB BARNES, Warden,

    Respondent.                       <u>ORDER</u>

_____/

        Petitioner is proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges his second-degree murder conviction for killing a police officer in an automobile collision on October 9, 2005. The record before the court indicates that, later in the day of the collision, CHP Officer Charles Swift interviewed petitioner for two hours and forty-five minutes and that this interview, recorded on two DVDs, was played for the jury at petitioner's trial. (Lod. Doc. 8 at 6-8[1].) The record before this court also indicates that, in reviewing petitioner's argument that there was insufficient evidence to support the jury's verdict finding him guilty of murder, the California Court of Appeal for the Third Appellate District

---

[1] Though its cover sheet erroneously indicates that it is a Petition for Review, Respondent's Lodged Document 8 is in fact the order and opinion of the California Court of Appeal for the Third Appellate District dated April 1, 2009, affirming petitioner's judgment of conviction.

reviewed these DVDs.[2] Indeed, the state appellate court discussed petitioner's interview at some length in its order and opinion affirming petitioner's judgment of conviction. (Id.)

Pursuant to 28 U.S.C. § 2254(d), this court is tasked with reviewing whether the state court's adjudication of petitioner's claims

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(2), the court must be able to review the complete factual record available to the state appellate court including, in this case, the DVDs of Officer Swift's October 9, 2005 interview with petitioner.

Accordingly, IT IS HEREBY ORDERED THAT respondent lodge with this court a copy of the DVD recording of the October 9, 2005, interview of petitioner by Officer Charles Swift within seven days of this order.

DATED: July 6, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:3
dung1191.ord

---

[2] The California Court of Appeal's opinion states that "no transcript of the interrogation was introduced into evidence, nor was any informal transcript included in the record on appeal, although some kind of informal transcript was passed out to the jurors." (Lod. Doc. 8 at 6.) Here, respondent has lodged the paper record on appeal but omitted the DVDs that were included in the record before the state appellate court.